JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise Schulman
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SALMA ELHASSA, individually and on behalf of all others similarly situated,**<br><br>                    **Plaintiff,**<br>    v.<br><br>**HALLMARK AVIATION SERVICES, L.P.,**<br><br>                    **Defendant.** | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

Salma Elhassa, ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation for Plaintiff and similarly situated employees who work or have worked as manual workers for Hallmark Aviation Services, L.P. ("Hallmark" or "Defendant") in New York State.

2. Headquartered in California, Hallmark is a ground handling services company. Hallmark offers load and flight control, crew administration, check-in and ticketing, centralized baggage, and training services throughout the country, including at LaGuardia and JFK airports in New York.

3. Upon information and belief, Hallmark employs several hundred people in New York State, a majority of whom are customer service agents.

4. At all relevant times, Defendant has compensated Plaintiff and all other customer service agents on a bi-weekly basis.

5. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other customer service agents their wages within seven calendar days after the end of the week in which these wages were earned.

6. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similar customer service agents.

7. Defendant has also failed to properly provide weekly wage statements to customer service agents.

8. Plaintiff brings this action on behalf of herself and all other similar customer service agents in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 191, 198.

## THE PARTIES

**Plaintiff**

9. Salma Elhassa ("Elhassa") is an adult individual who is a resident of the State of New York.

10. Elhassa was employed by Hallmark as customer service agent at John F. Kennedy Airport ("JFK") from July 2019 through March 2021, and November 7, 2021 until the present.

11. Plaintiff is a covered employee within the meaning of the NYLL.

**Defendant**

12. Hallmark is a foreign limited partnership organized and existing under the laws of California.

13. Hallmark's principal executive office is located in Los Angeles, California.

14. Upon information and belief, Hallmark is a citizen of California. To be sure, the current partner of Hallmark identified in the company's filings with the California Secretary of State is DAPSCO, Inc., a California corporation with its primary place of business in North Carolina.

15. Hallmark was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

16. Hallmark has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

17. Hallmark applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

18. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

19. The great majority, if not all, members of the proposed class are citizens of states different from that of Defendant.

20. There are over 100 members in the proposed class.

21. Defendant is subject to personal jurisdiction in New York.

22. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings the NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as customer service agents, for Hallmark in New York between the date six years before the commencement of this action and the date of final judgment in this matter (the "Class")

24. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

25. Hallmark currently employs more than one hundred customer service agents currently employed in New York.

26. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

27. Plaintiff and the Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

28. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

29. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

31. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but are not limited to, whether Defendant compensated Plaintiff and the Class on a timely basis and whether Defendant gave proper notice/wage statements to Plaintiff and the Class.

## PLAINTIFF'S FACTUAL ALLEGATIONS

32. Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

33. Plaintiff was employed by Hallmark as a customer service agent at JFK Airport in New York.

34. From July 2019 until October 2019, Plaintiff was employed at Terminal 4 at JFK. During this time, Plaintiff was interchangeably assigned to either arrival or departures.

35. During this time, when assigned to departures, Plaintiff's job duties were to (a) setup lines by carrying lane markers from storage and arranging them; (b) guard the lines to ensure passengers went to and remained in their appropriate lines; (c) escort passengers needing

assistance to the TSA area; (d) assist customers with loading strollers and baggage through the metal detectors; and (e) stacking and restacking the plastic trays into which passengers placed items going through the metal detectors.

36. When assigned to arrivals, Plaintiff's duties were to (a) setup lines by arranging lane markers; (b) guard the lines to assure passengers went to and remained in their appropriate lines; and (c) assist passengers needing assistance with respect to where to go.

37. During the time Plaintiff worked as a Terminal 4, Plaintiff was not allowed to sit at all during her shift, and sitting would have been grounds for written discipline.

38. Between October 2019 and March 2021 and from November 11, 2021 through the present, Plaintiff worked as a Customer Service Agent for the Emirates Airlines section of JFK. During this time, Plaintiff was again interchangeably assigned to either arrivals or departures.

39. When assigned to departures, Plaintiff's job duties included: (a) loading up the counter areas with the necessary items, such as blank boarding passes and luggage stickers; (b) greeting customer at the counter and printing their boarding passes; (c) weighing customers' luggage items, stickering them, and loading the luggage onto carousels; and (d) setting up lines by carrying lane markers from storage and arranging them.

40. When assigned to arrivals, Plaintiff's primary job duties were to (a) carry all unclaimed baggage from the carousels to a special designated area across the terminal; and (b) transport unclaimed luggage that was processed by the airlines to the FedEx center in another part of the airport.

41. Despite regularly spending more than twenty-five percent—in fact nearly all—of her shifts performing these physical tasks, Plaintiff was compensated by Defendant on a bi-weekly basis.

42. Defendant's own handbooks confirms that all its employees, like Plaintiff, are and were at all relevant paid on a biweekly basis.

43. Plaintiff has never received regular wage statements from Defendant. Defendant has never provided Plaintiff with a paper paystub or wage statement.

44. Defendant ostensibly gives Plaintiff access to her paystubs on a proprietary computer system Defendant uses. However, the link entitled "Paystub Viewer" on that software does not in fact link to any paystub.

45. Plaintiff and all Class Members receive "instructions" from Defendant at the beginning of their employ as to how to access the Paystub Viewer using numerical codes. However, those instructions are useless, as the viewer requires an email and password, which Defendant does not provide, and the software does not allow one to setup.

46. Despite many attempts using various operating systems and devices, Plaintiff has never in her entire employment received any information for any pay period as to what her gross pay her, what her tax withholdings were, or how many hours she was being paid for.

47. On November 19, 2021, Plaintiff asked her direct supervisor, Ali Khan, how to access her paystubs. Mr. Khan gave Plaintiff certain login credentials, but these again did not work.

48. This deficiency is not unique to Plaintiff. Rather, the system that Defendant purports to use to provide employees with access to their paystubs does not in fact permit employees to access, view, or print paystubs. Thus, Plaintiff is unaware whether such paystubs actually exist, let alone what they say. As such, Defendants plainly failed to furnish wage statements each pay period as required by New York Law.

49. Other than her "net pay," which Plaintiff can determine by viewing her bank statements, Plaintiff is completely in the dark as to the breakdown of her weekly pay and has been in the dark throughout her employment with Defendant.

50. Defendant did not provide Plaintiff with a "Notice and Acknowledgment of Pay Rate and Payday" form on Plaintiff's hire, as required by New York Labor Law.

51. Defendant committed the foregoing violations against Plaintiff and the Class.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
**(Brought on behalf of Plaintiff and the Class)**

52. Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

53. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

54. Defendant failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a).

55. Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CLAIM FOR RELIEF
### New York Labor Law – Failure to Provide Wage Notices and Wage Statement
**(Brought on behalf of Plaintiff and the Class)**

56. Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

57. Defendants did not provide Plaintiff and the members of the Class with the notices required by N.Y. Lab. Law § 195.

58. Defendants did not furnish proper wage statements each pay period to Plaintiff or members of the Class.

59. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL;

D. Pre-judgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York  
November 23, 2021

Respectfully submitted,  
JOSEPH & KIRSCHENBAUM LLP

By: /s/ *D. Maimon Kirschenbaum*  
D. Maimon Kirschenbaum  
Denise A. Schulman  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 981-9587