UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
**Salma Elhassa** :
:
                 Plaintiff(s), :
: 21 -cv- 9768   (LJL)
     -v- :
: CASE MANAGEMENT PLAN AND
**Hallmark Aviation Services, L.P.** : SCHEDULING ORDER
:
                Defendant(s). :
:
----------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

      This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1. All parties [consent_____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. The parties [have __X__ / have not_____] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3. The parties [have_____ / have not __X__] engaged in settlement discussions.

4. Any motion to amend or to join additional parties shall be filed no later than _____3/25/22_____. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] Note: Pursuant to Paragraph 3(B) of the Court's Individual Practices in Civil Cases, the Court will deny a motion to dismiss, as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer; (b) file a new motion to dismiss; or (c) submit a letter-motion stating that it relies on the initially-filed motion to dismiss in which event the Court will treat the initially-filed motion to dismiss as a new motion to dismiss the amended pleading.

   **Pursuant to Paragraph 2(J) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. At the Initial Pretrial Conference, parties should come prepared to discuss a proposed briefing schedule for any anticipated motion.**

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than _____3/9/22_____. [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

6. All fact discovery is to be completed no later than _____9/25/22_____. [*A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

**NOTE ON COVID-19 EMERGENCY PROCEDURES:**

**Until further notice, and pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.**

**Nothing in the above-mentioned rule prevents parties from seeking to modify any pretrial schedule in light of the COVID-19 pandemic (or for any other good cause). Prior to seeking such relief, the parties must, as always, attempt to meet and confer (via remote means) in a good faith effort to reach agreement.**

**<u>Parties are instructed to consult the Court's COVID-19 Emergency Individual Practices in Civil and Criminal Cases for additional guidance on procedures in place at this time.</u>**

a. Initial requests for production of documents shall be served by _____3/25/22_____.

b. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by _____3/25/22_____. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

2

      c.      Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

      d.      Depositions shall be completed by __9/25/22__.

      e.      Requests to Admit shall be served no later than __8/15/22__.

8. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by __11/9/22__. [*Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.*]

9. All discovery shall be completed no later than __11/9/22__.

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than _____.

11. A post-discovery status conference shall be held on: _____ at _____.
    A joint letter updating the Court on the status of the case shall be filed on ECF by one week prior to the status conference. The letter must be no more than 3 single spaced pages and should include the following information in separate paragraphs:

    (1) all existing deadlines, due dates, and/or cut-off dates;

    (2) a brief description of any outstanding motions;

    (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

    (4) the status of settlement discussions;

    (5) the anticipated length of trial and whether the case is to be tried to a jury;

    (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12. Any motion for summary judgment must be filed no later than __11/23/22__. [*Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery.*]

13. This case [is _____ / is not __XX__] to be tried to a jury.

14. The parties have conferred and their present best estimate of the length of trial is __3 days__.

15. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: **At this time, because the parties dispute whether the case should proceed as a class, and the status of the law governing alleged manual workers, the action is not ripe for mediation.**

    a. _____ Referral to a Magistrate Judge for settlement discussions.

    b. _____ Referral to the Southern District's Mediation Program.

    c. _____ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.
    Defendant, in advance of the Initial Pretrial Conference, will ask that the Court stay discovery pending resolution of its Rule 12(b)(6) motion to dismiss.

Counsel for the Parties:

| | |
|---|---|
| Maimon Kirschenbaum & Denise Shulman | Eli Z. Freedberg & Gary Moy |
| Joseph & Kirschenbaum LLP | Littler Mendelson, P.C. |
| 32 Broadway, Suite 601, New York, NY 10004 | 900 Third Avenue, New York, NY 10022 |
| Attorneys for Plaintiff | Attorneys for Defendant |

Dated:  2/17/2022
        New York, New York

_____
LEWIS J. LIMAN
United States District Judge