

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Gary Moy
212.471.4409 direct
212.583.9600 main
gmoy@littler.com

February 22, 2022

<u>**VIA ECF**</u>
Honorable Lewis J. Liman
United States District Court
Southern District of New York
New York, New York 10007

Re:    <u>**Salma Elhassa v. Hallmark Aviation Services, L.P.,**</u> No. 21 Civ. 9768 (LJL)

Dear Judge Liman:

This firm represents Defendant Hallmark Aviation Services, L.P. in the above-referenced matter. Defendants write, in advance of the February 23, 2022 initial conference, to respectfully request that the Court stay discovery pursuant to Rule 26(c) pending the outcome of Defendant's Rule 12 motion to dismiss. The Second Circuit requires Plaintiff to allege facts showing that she suffered a concrete injury from a statutory violation to maintain Article III standing, which she has not done. The New York Court of Appeals, as of two weeks ago, has also made clear that it rejects implying a private right of action to enforce NYLL Article 6 and, for this reason too, Plaintiff's claim must fail. Discovery, particularly onerous class discovery, is unwarranted.

## I.    COMMON SENSE, EFFICIENCY, AND THE WEIGHT OF LEGAL AUTHORITY FAVOR STAYING DISCOVERY

Pursuant to Fed. R. Civ. P. Rule 26(c), courts have discretion to stay discovery for good cause pending the outcome of a motion to dismiss. <u>See</u> <u>Barnes v. Smith</u>, No. 12 Civ. 1916 (PKC) (RLE), 2013 U.S. Dist. LEXIS 12616, at *1-2 (S.D.N.Y. Jan. 17, 2013)("[G]ood cause may be shown where a party has filed a dispositive motion."). Courts "have held 'that a stay of discovery is appropriate [ ] where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law.'" <u>Johnson v. N.Y. Univ. Sch. of Educ.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002); <u>King v. City of N.Y.</u>, No. 13-CV-37 (NGG)(RER), 2014 U.S. Dist. LEXIS 140790 (E.D.N.Y. Sept. 30, 2014) (stay appropriate pending resolution of motion).

In determining whether to stay discovery, courts consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." <u>Kanowitz v. Broadridge Fin. Solutions Inc.</u>, No. 13 CV 649 (DRH) (AKT), 2014 LEXIS 46518 at *15-16 (E.D.N.Y. Mar. 31, 2014).  Each of these factors favors a stay of discovery in this case.

### A.    <u>Defendant Has Made a Strong Showing that Plaintiff's Claims Are Not Viable</u>

As set forth in more detail in the Rule 12 motion, Defendant has raised substantial issues with respect to the viability of Plaintiff's Complaint, which at its core is premised on the theory that Defendant made untimely (but full) wage payments by paying her on a bi-weekly rather than

weekly basis -- and that the technical violation alone purportedly warrants 100% liquidated damages in the full amount of wages she allegedly should have received a week earlier, *i.e.*, the portion attributable to week 1 of 2 of each bi-weekly wage payment.[1]

Plaintiff alleges that her duties as a customer service agent at JFK Airport make her a "manual worker" under NYLL § 191, so she (and other class members) should have been paid weekly. But Plaintiff fails to allege any facts to suggest that she suffered a concrete injury from being paid bi-weekly. Supreme Court precedent and a recent Second Circuit decision make clear that a statutory violation alone is insufficient to confer Article III standing. See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2205, 2213 (2021) ("an injury in law is not an injury in fact"; dismissing claims for procedural violations where plaintiffs failed to show an injury); Maddox v. Bank of N.Y. Mellon Trust Co., N.A., 19 F.4th 58, 64-66 (2d Cir. 2021) (dismissing suit seeking statutory penalties for bank's failure to timely record mortgage-satisfaction in violation of state law, which provided a private right of action, for failure to show plaintiffs suffered harm).

Plaintiff does not allege that Defendant underpaid her or owes her any wages. Indeed, Plaintiff does not assert a cause of action to recover wage payments. As such, the Complaint does not even raise the specter that she *might have* been harmed. Speculation, in any event, does not satisfy Plaintiff's obligation to allege adequate, supporting *facts*--she offers none here. As such, Plaintiff's Section 191 claim here should be dismissed for lack of Article III standing.

Even if Plaintiff has Article III standing, the Section 191 claim should be dismissed because the statute does not provide a private right of action for such claims where the plaintiff (as here) does not have a claim for unpaid wages. Although cases have recently departed from a long line of earlier decisions by implying a private right of action into a statute that expressly provides certain enumerated exceptions to the Labor Commissioner's exclusive NYLL Article 6 enforcement powers--but not for Section 191 claims--those decisions conflict with the statute's plain language and principles of statutory construction, cannot be reconciled with abundant prior jurisprudence rejecting other attempts to imply such a right for other NYLL violations, and are simply wrong. This is not Defendant's say-so alone; the New York Court of Appeals weeks ago rebuffed a similar effort to imply a private right of action for another Article 6 provision because the legislature amended the statue several times to provide that right for several provisions in Article 6 but not the one plaintiff sought to enforce. See Konkur v. Utica Academy of Sci. Charter School, --N.E.3d--, 2022 WL397774, at *3 (N.Y. Feb. 10, 2022). Konkur requires the same result here because Section 191 similarly falls under Article 6 and is not among the exceptions.

Courts regularly stay discovery pending resolution of a Rule 12 motion where the defendant, as here, presents substantial arguments in favor of dismissal. See O'Sullivan v. Deutsche Bank AG, No. 17 Civ. 8709, 2018 U.S. Dist. LEXIS 70418, at *13 (S.D.N.Y. Apr. 26, 2018); Thomas v. N.Y.C. Dep't of Educ., No. 09-CV-5167 (SLT) (RLM), 2010 U.S. Dist. LEXIS 95798, at *8 (E.D.N.Y. Sept. 14, 2010)(stay warranted upon a showing that "at least some of plaintiffs' claims lack[ed] merit"). A stay is warranted even where it appears that most, but not all, of the claims will be dismissed. See Spencer, 206 F.R.D. at 368 ("at this preliminary stage [ ] defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit."); Barnes v. Cty. of Monroe, No. 10-CV-6164 (JWF), 2013 U.S. Dist. LEXIS 134344, at *4 (W.D.N.Y. Sept. 19, 2013) (staying discovery where defendants have "substantial

---

[1] Plaintiff also alleges that Defendant violated NYLL § 195 because it allegedly failed to provide her with a wage notice at her time of hire, as well as wage statements for each pay period since Plaintiff purportedly could not access the wage statements through the electronic portal where they are located. Plaintiff does not assert any federal claims.

arguments in favor of dismissal of many, if not all, of the claims asserted by plaintiff"). Even if "discovery against at least [one defendant] regarding Plaintiff's state law claims…is likely to proceed regardless of whether [defendants] succeed…the scope and related burdens of discovery could be significantly affected should those federal claims be dismissed." N.Y. v. Grand River Enters. Six Nations, No. 13-CV-910A (RJA)(LGF), 2015 U.S. Dist. LEXIS 19357, at *6-7 (W.D.N.Y. Feb. 18, 2015). The same is equally true here and discovery too should be stayed.

### B.     Breadth of Anticipated Discovery and Burden of Responding Favor a Stay

Plaintiff is likely to seek discovery covering a six-year period that is exceptionally complex and burdensome. This prospect is particularly onerous given the COVID pandemic, which has made it significantly more difficult to communicate with individuals who worked six or more years ago but are no longer employed. Plaintiff will seek discovery of electronically stored information, which will likely encompass voluminous data that will have to be gathered, reviewed for responsiveness, and produced. Conducting ESI discovery alone generally costs tens of thousands of dollars, even for garden-variety single-plaintiff employment matters; those costs significantly increase in class actions as in this case, which Plaintiff purports to bring on behalf of hundreds of employees (if not more). Plaintiff, of course, will seek class discovery and it should go without saying that obtaining, analyzing, and producing personnel records, payroll documents, and time data (among other documentation) for hundreds of people will require substantial time and money. Additionally, fact-intensive investigations will have to be undertaken for each employee to determine whether he/she performed duties sufficient to qualify as a "manual worker" under NYLL § 191. Moreover, Plaintiff's counsel is likely to serve requests concerning employment practices, policies, and complaints throughout the Company.

The scope of this discovery, as well as disputes concerning what evidence will be needed for class certification, will inevitably lead to motion practice. This is not conjecture. Absent a stay, this case will proceed, including Plaintiff's anticipated motion for class certification, which Defendant will oppose. In the event the Court grants certification, Defendant at some point will likely move to de-certify. In fact, absent a decision on Defendant's motion to dismiss, the parties will not have guidance concerning what is needed to maintain a class here seeking liquidated damages premised on NYLL § 191 frequency-of-pay claims, e.g., whether mere showing of a statutory violation is needed or whether commonality of individualized damages is required (as the Maddox decision suggests). Thus, it makes no sense to proceed with discovery until the Court clarifies what Plaintiff must establish with respect to harm that Defendant's bi-weekly payments caused and/or how the bi-weekly payments allegedly harmed Plaintiff, particularly as there is no allegation that Defendant owes Plaintiff or any class members any wages.

It is inefficient to compel Defendant to endure time-consuming and expensive discovery that may be rendered moot if the Court grants its Rule 12(b) motion to dismiss. This concern is apt here because the Complaint and, therefore, discovery, largely concerns an entire class of that may comprise of several hundred or more employees who Plaintiff alleges were similarly impacted by a uniform practice.  See Josie-Delerme v. American Gen. Fin. Corp., No. 08-CV-3166 (NG) (MDG), 2009 U.S. Dist. LEXIS 15525, at *2 (E.D.N.Y. Feb. 26, 2009) (stay warranted where resolution of motion may obviate the need for potentially onerous discovery). A stay of discovery is warranted to preserve the time and resources of both the Court and the parties, particularly in this case potentially involving at least several hundred or more employees, spanning over six years, for whom individualized fact gathering and investigation will be needed to determine whether the employee performed work qualifying him or her as a "manual worker" (and, if so, for what period), as well as how, if at all, each employee was harmed by the bi-

weekly payments and/or what harm each suffered. See Telesca v. L.I. Hous. P'ship, No. 05 CV 5509 (ADS), 2006 U.S. Dist. LEXIS 24311, at *6-7 (E.D.N.Y. Apr. 27, 2006) (granting stay due to "substantial expenses if and/or when discovery is conducted"); U.S. v. Cty. of Nassau, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) ("it is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention…, would be an unnecessary expense in the event that [the] motion to dismiss is ultimately granted"); Buffalo Emergency Assocs., LLP v. UnitedHealth Grp., Inc., No. 19 CV 1148S, 2020 U.S. Dist. LEXIS 104828, at *3 (W.D.N.Y. June 16, 2020) (granting stay as motion "could significantly impact the breadth of discovery.").

As the Second Circuit has noted, "Rule 8 and 12(b)(6) … as interpreted in Twombly and Iqbal, help prevent settlement extortion – using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." Pension Benefit Guar. Corp. v. Morgan Inv. Mgmt., 712 F.3d 705, 719 (2d Cir. 2013). Allowing to discovery to proceed under the present circumstances is contrary to the Supreme Court and Second Circuit's admonition against imposing asymmetric costs on defendants. It makes sense to wait and see what claim remains before having the parties and this Court undertake the time, expense and burden of discovery and additional motion practice.

### C.      A Stay of Discovery Does Not Prejudice Plaintiff

A stay of discovery presents no risk of unfair prejudice to Plaintiff.  A delay will not result in a loss of evidence, nor will it increase difficulties of discovery, and delay alone does not constitute prejudice. Cf. Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Courts generally find no prejudice where an action is still in its early stages and discovery has not yet commenced. See Giminez v. Law Offices of Hoffman & Hoffman, No. 12-CV-669 (JFB) (ETB), 2012 U.S. Dist. LEXIS 96168, at *5 (E.D.N.Y. July 11, 2012) (finding "little prejudice" given case's infancy). Unless Plaintiff can show specific reasons why she would be prejudiced by a stay, Defendant's request should be granted given the strength of the proposed Rule 12 motion and the potential burden that would be imposed if discovery--particularly, class discovery--were to proceed.

Respectfully submitted,<br>
/s/<br>
Eli Z. Freedberg<br>
Gary Moy

Cc: Counsel of record (via ECF)